UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY BASEHART GAETANO
and RICHARD GAETANO,   Case No. 19-mc-51772

           Petitioners,   Paul D. Borman
United States District Judge

v.

                                        R. Steven Whalen
UNITED STATES OF AMERICA,   United States Magistrate Judge

           Respondent.
_____/

**OPINION AND ORDER:
(1) ADOPTING MAGISTRATE JUDGE WHALEN'S AUGUST 13, 2020
REPORT AND RECOMMENDATION (ECF NO. 15);
(2) AFFIRMING MAGISTRATE JUDGE WHALEN'S AUGUST 13, 2020
ORDER DENYING PETITIONERS' MOTION FOR EVIDENTIARY
HEARING AND DISCOVERY (ECF NO. 14);
(3) OVERRULING PETITIONERS' OBJECTIONS (ECF NO. 16); AND
(4) GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION
TO QUASH AND TO ENFORCE THE SUMMONS (ECF NO. 6)**

On August 13, 2020, Magistrate Judge R. Steven Whalen issued an Order denying Petitioners' Motion for Evidentiary Hearing and Discovery (ECF No. 14, Order) and a Report and Recommendation to Grant Respondent's Motion to Dismiss Petition and to Enforce Summonses. (ECF No. 15, Report and Recommendation ("R&R").) Petitioners filed a "Motion for Reconsideration and Objections" to the Magistrate Judge's Order and to the R&R which are now before this Court for resolution. (ECF No. 16, Petitioners' Objections ("Pets.' Obj.").)  No response to the

Objections was filed. The Court, having conducted *de novo* review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) of those portions of the R&R to which specific and timely objections have been filed, and a review of the August 13, 2020 Order for clear error, OVERRULES Petitioners' Objections, ADOPTS the Report and Recommendation, AFFIRMS the August 13, 2020 Order denying Petitioners' Motion for Evidentiary Hearing and Discovery, and GRANTS Respondent's Motion to Dismiss the Petition to Quash and to Enforce the Summonses (ECF No. 6).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2019, Petitioners Kimberly Baseheart-Gaetano and Richard Gaetano filed a Petition to Quash Summons (ECF No. 1), challenging third-party summonses served by the Internal Revenue Service ("IRS") on nine financial institutions where Petitioners hold accounts. The summonses are related to an IRS investigation of Petitioners for possible criminal tax liabilities. (ECF No. 6-1, Declaration of Agent Tyler Goodnight ("Goodnight Decl.") ¶¶ 4, 6, PgID 98-99.) Agent Goodnight explains that he is conducting a criminal investigation "to determine whether [Petitioners] understated their tax liability for tax years 2015 through 2018, and quarterly filings for 2019, in violation of the Internal Revenue Code." (*Id.* ¶ 3, PgID 98.) He issued the summonses at issue seeking documents for the period January 1, 2015 through November 1, 2019, and explained that "[t]he request period is not concurrent with the end of a tax year because [he is] also

2

investigating quarterly filings, and records beyond the close of the tax periods under investigation may shed light on the accuracy of income reported in the prior tax year." (*Id.* ¶¶ 4-5, PgID 98-99.) Agent Goodnight stated that the records requested "are relevant and necessary to [his] investigation of whether the Gaetano's owe a tax liability," and that he followed all of the procedural steps required under 26 U.S.C. § 7603. (*Id.* ¶¶ 6-8, PgID 99.) The requested records are not already in the possession of the IRS, and no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to either Petitioner. (*Id.* ¶¶ 9-10, PgID 99.)

Petitioners seek to quash the summonses on the basis that they were issued in bad faith because (1) there is no tax period ending November 1, 2019, and (2) the IRS is in reality "conducting a civil investigation to obtain information for a jeopardy assessment." (ECF No. 1, Petition to Quash IRS Summonses ¶¶ 6-7, PgID 2-3.) Petitioners also filed a motion for evidentiary hearing and discovery, seeking to "take the depositions of the IRS Agents involved in the investigation." (ECF No. 5, Pets.' Mot.)

Respondent filed a motion to dismiss the petition to quash (ECF No. 6, Resp.'s Mot.), and a response opposing Petitioner's motion for discovery. (ECF No. 7.) Both Petitioners' and Respondent's motions have been fully briefed. (ECF Nos. 7-11.)

The Magistrate Judge held a hearing on the pending motions on February 6, 2020, and on August 13, 2020, the Magistrate Judge issued the Order denying

3

Petitioners' motion for evidentiary hearing and discovery (ECF No. 14), and the R&R, recommending that Respondent's Motion to Dismiss and Enforce Summons (ECF No. 6) be granted and that the Petition to Quash (ECF No. 1) be dismissed. (ECF No. 15, R&R.)

On August 18, 2020, Petitioners filed a "Motion for Reconsideration and Objections" to the R&R and Order, arguing that the summonses should not be enforced because the Court cannot determine the relevance of the documents sought because the IRS has not disclosed the tax period(s) being investigated, and that no tax periods end on November 1, 2019. (ECF No. 16, Pets.' Obj. at pp. 7-12, PgID 192-97.) Petitioners also argue that discovery should be allowed because they contend that the IRS is issuing summons for tax periods that do not exist. (*Id.* at pp. 12-14, PgID 197-99.) Respondent did not file a response to the Objection.

## II. STANDARDS OF REVIEW

### A. Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate[ judge]'s report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B. Order on Non-dispositive Motion

The Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Supreme Court and the Sixth Circuit have both held that "[a] finding is 'clearly erroneous'

5

when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). Importantly, "this standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (citation omitted).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *See id.* (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). Finally, parties cannot raise arguments on objection or appeal that they did not bring before the Magistrate Judge. *Murr v. United States,* 200 F.3d 895, 901 n. 1 (6th Cir. 2000).

### III.   ANALYSIS

**A. The Report and Recommendation**

Petitioners argue in the Objection that the government has not met its burden to show that the summonses issued seek material and relevant information because the summonses seek documents for the "01/01/2015 to 11/01/2019" time period, and "there are no tax periods that end on the first day of the month, in this case, November 1, 2019," and thus it is not clear "what tax period is being investigated." (Pets.' Obj. at pp. 7-9, PgID 192-94.)

The IRS issued the summonses in this case pursuant to 26 U.S.C. § 7602, which provides, in pertinent part:

> For purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized –
>
> (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry[.]

26 U.S.C. § 7602(a)(1). As the Magistrate Judge explained in the R&R, the concept of relevance under § 7602 is very broad. The government is not held to a standard of probable cause, *United States v. Powell*, 379 U.S. 48, 57 (1964), nor to the relevancy standard used in deciding whether to admit evidence under Fed. R. Evid. 401. *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). Rather, the

generally accepted standard is whether the inspection "might shed light on the accuracy of the taxpayer's returns." *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976).

"A prima facie case for enforcement [of a summons] is established by demonstrating that: (1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to the investigation; (3) the information sought is not already in the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603." *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982) (citation omitted). "The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *Id.* (citation omitted). "Once this showing is made, the burden shifts to the taxpayer to demonstrate that enforcement would be an abuse of the court's process." *Id.*

Relying on Agent Goodnight's Declaration, the Magistrate Judge properly found that Respondent has met its burden of establishing a prima facie case for the enforcement of the summonses, and further found that Petitioners have failed to meet their burden to demonstrate that enforcement of the summonses would be an abuse of the Court's process. (R&R at pp. 5-6, PgID 182-83.) Agent Goodnight averred that the purpose of the summonses is "to determine whether [Petitioners] understated their tax liability for tax years 2015 through 2018, and quarterly filings for 2019, in violation of the Internal Revenue Code." (Goodnight Decl. ¶ 3, PgID 98.) He

8

explained that the request in the summonses for documents for the period January 1, 2015 through November 1, 2019 were not concurrent with the end of a tax year because he is also investigating quarterly filings "and records beyond the close of the tax periods under investigation may shed light on the accuracy of income reported in the prior tax year," and thus these records are "relevant and necessary to [his] investigation of whether the Gaetano's owe a tax liability." (*Id.* ¶¶ 4-6.) It is well-established that documents outside of the tax period under investigation are properly sought in a tax summons. *See Will*, 671 F.2d at 967 (upholding enforcement of summons for information for a tax year that was time-barred from collections); *United States v. Omega Solutions, LLC*, 873 F. Supp. 2d 887, 891, 896 (E.D. Mich. 2012) (enforcing a summons that sought client lists "through the dates of compliance" with summons, for a time after the end of the tax years under investigation). Accordingly, the government has established the summonses were issued for a proper investigatory purpose and Petitioners have failed to meet their heavy burden to "set forth specific facts and evidence to support" a claim that the government acted with bad faith and that the summonses are unenforceable. *See Cypress Funds, Inc. v. United States*, No. 99-3840, 234 F.3d 1267, 2000 WL 1597833, at *4 (6th Cir. 2000) (noting that a petitioner seeking to quash an IRS summons "must set forth specific facts and evidence to support" a claim of bad faith, and cannot rely on "conclusory allegations").

Accordingly, Petitioners' objection to the R&R is OVERRULED.

## B. Order Denying Motion for Evidentiary Hearing and Discovery

In their "Motion for Reconsideration and Objections," Petitioners also express disagreement with the Magistrate Judge's Order (ECF No. 14) denying Petitioners' Motion for Evidentiary Hearing and Discovery. (Pets.' Obj. at pp. 12-14, PgID 197-99.) This has nothing to do with the Report and Recommendation and is not a proper basis for objection. It is more properly characterized as an appeal of the Magistrate Judge's Order. *See* Fed. R. Civ. P. 72(a) (providing that a district judge must consider timely objections to non-dispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law).

The Court finds no error in the Magistrate Judge's ruling. On the contrary, the Magistrate Judge's ruling is entirely appropriate, explaining that Petitioners have offered nothing other than speculation that the summonses were issued in bad faith or for an improper purpose, and thus have failed to make any predicate showing that would entitle them to discovery. (ECF No. 14, Order, PgID 176-77, citing *United States v. Will*, 671 F.2d 963, 968 (6th Cir. 1982) ("[T]here is no unqualified right to pretrial discovery in a summons enforcement proceeding," and "the use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse.").) *See also United States v. Clarke*, 573 U.S. 248, 254-55 (2014) (holding that "[n]aked

allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge," and that this is necessary to "ensure inquiry where the facts and circumstances make inquiry appropriate, without turning every summons dispute into a fishing expedition for official wrongdoing.").

In their objection, Petitioners repeat their conclusory argument above that the IRS is issuing summons "for tax periods that do not exist or have not yet ended," which the Court has found insufficient to establish bad faith. Petitioners have failed to demonstrate that the Magistrate Judge's Order was "clearly erroneous" or "contrary to law," and the Magistrate Judge's Order is AFFIRMED.

## IV. CONCLUSION

For the foregoing reasons, the Court:

**(1) OVERRULES** Petitioners' Objections (ECF No. 16);

**(2) AFFIRMS** Magistrate Judge Whalen's August 13, 2020 Order Denying Petitioners' Motion for Evidentiary Hearing and Discovery (ECF No. 14);

**(3) ADOPTS** Magistrate Judge Whalen's August 13, 2020 Report and Recommendation (ECF No. 15); and

**(4) GRANTS** Respondent's Motion to Dismiss the Petition to Quash and to Enforce Summons (ECF No. 6).

IT IS SO ORDERED.

Dated: October 16, 2020

s/ Paul D. Borman
Paul D. Borman
United States District Judge